IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID SKALKA,<br><br>                Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC., and JAY PATNEAUDE,<br><br>                Defendants. | 8:24CV158<br><br>MEMORANDUM<br>AND ORDER |

      Plaintiff David Skalka ("Skalka") is the "Court Appointed Receiver of the Outlier Funds Settlement Fund," which regards the assets of various entities "and the rights of their investors" (Filing No. 1). He brings claims against defendants Charles Schwab & Co., Inc. ("Schwab") and Jay Patneaude ("Patneaude" and together, "defendants") under the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Nebraska law. Schwab is a Securities and Exchange Commission registered "broker-dealer, investment adviser, and transfer agent" with offices in Nebraska. Patneaude is a "Vice President – Financial Consultant" for Schwab in its Lincoln, Nebraska, branch.

      On August 14, 2024, the defendants moved to compel arbitration of those claims (Filing No. 10) "pursuant to the parties' agreements . . . and in accordance with the Federal Arbitration Act, 9 U.S.C. § 5." On February 28, 2025, the magistrate judge[1] entered a Memorandum and Order (Filing No. 20) granting the motion and directing the parties to proceed to arbitration. *See* 28 U.S.C. § 636(b)(1)(A) (authorizing the magistrate judge to rule on nondispositive matters); Fed. R. Civ. P. 72(a); *All. Grp., Inc. v. Zurich Am. Ins. Co.*, No. 8:21CV188, 2021 WL 5325883, at *1 n.1 (D. Neb. Nov. 16, 2021) (agreeing with

---

[1]The Honorable Jacquline M. DeLuca, United States Magistrate Judge for the District of Nebraska.

those courts holding that 'a motion to compel arbitration is a non-dispositive motion' and can be decided by a magistrate judge" (quoting *Patton v. Johnson*, 915 F.3d 827, 832 (1st Cir. 2019))). She further stayed the case pending arbitration and ordered periodic status reports.

In granting the motion, the magistrate judge concluded Skalka, as the receiver, was bound by underlying account agreements that included the valid and enforceable arbitration provisions at issue. She further concluded Skalka's claims against the defendants fell within the scope of the arbitration agreements. Finally, she rejected Skalka's contention that he could repudiate the arbitration clause as an unperformed executory contract.

Now before the Court is Skalka's "Objections to Magistrate Judge's Order" (Filing No. 21) filed pursuant to Rule 72 and Nebraska Civil Rule 72.2. Section 636(b)(1)(A) empowers the Court to "reconsider any pretrial matter" when "the magistrate judge's order is clearly erroneous or contrary to law." *Accord* Fed. R. Civ. P. 72(a). "A finding of fact will only be overturned if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if the appellate court is left with the definite and firm conviction that an error was made." *Blue Cross Blue Shield of Minn. v. Wells Fargo Bank, N.A.*, 816 F.3d 1044, 1048 (8th Cir. 2016). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety, the court . . . may not reverse it even" though it might have weighed the evidence differently or reached a different conclusion. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985). "In determining whether a magistrate judge's ruling is contrary to law," some district courts in this circuit have considered "whether the ruling 'misapplies relevant statutes, case law or rules of procedure.'" *Clayton Int'l, Inc. v. Neb. ARMES Aviation, LLC*, No. 8:21CV309, 2024 WL 4434374, at *1 (D. Neb. Oct. 7, 2024) (quoting *Kraft v. Essentia Health*, 610 F. Supp. 3d 1195, 1200 (D.N.D. 2022)).

Here, Skalka "requests that this Court reject the order because the Magistrate Judge's order and recommendation[2] were in clear error and contrary to law." In particular, he objects to the magistrate judge's "findings" that (1) he "is bound by the account agreements," (2) he stands "in the shoes of the entity in receivership" under Nebraska law, (3) his "claims fall within the scope of the arbitration clause," (4) he "could not repudiate the arbitration agreements," and (5) he "does not represent the investors and creditors."

In response, the defendants unsurprisingly contend Skalka's objections "do not offer any basis to overturn" the magistrate judge's "well-reasoned findings" that Skalka must arbitrate his claims (Filing No. 22). As the defendants see it, Skalka's objections rely on "flawed legal premises properly rejected by the Magistrate Judge."

After careful review, the Court agrees with the defendants that the magistrate judge's order is neither clearly erroneous nor contrary to law. Put simply, the Court agrees with the magistrate judge that Skalka is bound by the arbitration provisions in this case and must arbitrate his claims "in accordance with the terms of [those] agreements." With that, Skalka's objections (Filing No. 21) are overruled, and the magistrate judge's Memorandum and Order (Filing No. 20) is affirmed.

IT IS SO ORDERED.

Dated this 15th day of April 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[2] At times, Skalka erroneously refers to the magistrate judge's Memorandum and Order as a findings and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). The bulk of his submission, including his proposed standard of review, appears to recognize its true nature as a binding order of decision under § 636(b)(1) and Rule 72.